UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 07 CR 50069 |
| | ) | Judge Frederick J. Kapala |
| BROCK B. BARRETT | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR INFORMATION RELATING TO CONFIDENTIAL INFORMANT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to defendant's motion for information relating to the confidential informant as follows:

Defendant stands charged in a two count indictment with being a felon in possession of a firearm which had traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1), as well as possession with intent to distribute approximately 20 grams of mixtures containing cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).

These charges arise out of the execution of a state search warrant by the Winnebago County Sheriff's Department's Metro Narcotics Unit at defendant's residence on November 20, 2007. As outlined in discovery materials provided to defense counsel, the state search warrant was supported by an affidavit sworn to by Winnebago County Sheriff's Deputy Daniel Freedlund, and included information about a "controlled purchase" of cocaine made by a confidential informant (hereinafter "CI") from defendant's residence, the upper apartment at 636 16th Avenue in Rockford, Illinois, "within the past three days" of the date the affidavit was sworn out, November 19, 2007. During the execution of the search warrant, police recovered several items, including the following:

1

1)    A black money box on the kitchen counter, which contained $93.99 U.S. currency, 7 sandwich baggies that each contained four tied-up baggy corners with a rock of crack cocaine in each (gross weight 7.8 grams), 1 other bag with a chunk of crack cocaine (gross weight 12.5 grams), and 23 baggy corners which each contained 3 Xanax pills (69 total).  The total gross weight of the crack cocaine was 20.3 grams.

2)    A digital scale on the kitchen counter next to the black money box.

3)    A black money box in the attic behind a bar with several unused glass pipes with wire filter and several plastic baggies.

4)    One walkie talkie radio behind the bar in the attic.

5)    One RCA television monitor attached to a surveillance system monitoring the front of the residence, found in the attic.

6)    Two rocks of crack cocaine in a jewelry box in the northeast bedroom, gross weight .6 grams.

7)    Documents addressed to Brock Barrett at 636 16th Avenue, including a lease agreement in his and Marci Barrett's name.

8)    A Canon digital video camera in the northeast bedroom.

9)    A Glock, Model 26, 9mm handgun, serial number EVK059US, with nine rounds in the magazine and one in the chamber, recovered in the northeast bedroom from on top of a bookcase shelf.  The gun was covered with clothing.

Defendant has filed a motion seeking disclosure of the identity of the CI mentioned in Deputy Freedlund's affidavit in support of the search warrant.  Defendant also seeks disclosure of the identities of any confidential informants who may be called to testify at trial or any hearing regarding this case, as well as the production of all reports summarizing information given by any confidential informant.  Lastly, defendant seeks disclosure of the specific date and time of the "controlled purchase" made by the CI, as outlined in Deputy Freedlund's affidavit in support of the search warrant.

2

First, the government does not intend to call any confidential informant to testify at any hearing or at the trial of this matter.  Furthermore, it is the government's position that all identifying information as it relates to the CI described in Deputy Freedlund's affidavit in support of search warrant is privileged, and that the government is not required to disclose any such information to defendant.  Defendant suggests he needs this information in order to file a motion under *Franks v. Delaware*, 438 U.S. 154 (1978).  The identity of the informant is irrelevant to any such motion, however.

The law is clear that the government has a limited privilege to withhold the identity of a confidential informant/source from a criminal defendant.  *United States v. Jefferson*, 252 F.3d 937, 941-42 (7th Cir. 2001).  This limited privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity.  *Id.*  In determining whether to disclose a confidential informant's identity, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense.  *Id.*  To overcome the government's limited privilege to withhold the identity of a confidential informant from a criminal defendant, a defendant must establish that the disclosure of the informant's identity is either relevant and helpful to his defense or essential to a fair determination of a cause.  *Id.*

Here, defendant has simply requested a broad range of information related to the CI, without offering any rationale for how it is relevant and helpful to his defense or essential to a fair determination of a cause.  In *Jefferson*, a prosecution involving five counts relating to the distribution of crack cocaine, the Seventh Circuit held that the district court did not abuse its discretion in denying the defendant's motion for disclosure and production of a confidential informant.  *Id.*  The

3

Seventh Circuit found that the informant's testimony would not be significant given that the charges were based on evidence obtained when a search warrant was executed and on statements the defendant made at the time of his arrest. *Id.* Here, the CI's information to authorities about defendant's drug trafficking activities and subsequent controlled purchase of cocaine which led to the search warrant at defendant's residence are not relevant and helpful to the defense. The present charges arise solely out of items recovered during the execution of the search warrant and statements made by defendant during and after the warrant's execution. This case is directly on point with *Jefferson*, where the Seventh Circuit denied a similar request under nearly identical circumstances. *Id. See also United States v. Valles*, 41 F.3d 355 (7th Cir. 1994); *United States v. Bender*, 5 F.3d 267 (7th Cir. 1993).

With respect to any potential *Franks* motion, defendant does not need to know the identity of the CI, or the exact time and date of the controlled purchase made by the CI, in order to file such a motion, which would be directed at whether the affiant, here Deputy Freedlund, intentionally or recklessly made a false statement in the search warrant affidavit, and whether that false statement was material to the finding of probable cause. Defendant has made no showing of how the information requested is relevant to a potential *Franks* motion. The identify of the CI, and the exact date and time of the controlled purchase of cocaine, the disclosure of which can only be directed at ascertaining the CI's identity, have no bearing on any potential *Franks* motion, which would be directed at the affiant's credibility.

An affidavit in support of a search warrant is presumed valid. *United States v. Amerson*, 185 F.3d 676 (7th Cir. 1999). A defendant may only obtain a *Franks* hearing if he makes a substantial preliminary showing that the affiant has intentionally or recklessly made a false statement in a search

warrant affidavit, and that false statement is material to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 98 (1978); *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003). A *Franks* hearing may also be allowed if an officer omits material facts from the affidavit. *United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004). A factual omission is material only if it amounts to a deliberate falsehood or a reckless disregard for the truth. *United States v. McNeese*, 901 F. 2d 585, 594 (7th Cir. 1990). An omission is not material if the information is of such minimal significance that it could not reasonably affect the judge's determination of probable cause. *Id*.

In the *Franks* context, the defendant has the burden of showing direct or circumstantial evidence that the affiant had obvious reasons for omitting facts to prove deliberate falsehood or reckless disregard. *Id.* The *Franks* inquiry "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). "[T]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." *Id.* (quoting *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994)). This is a difficult burden for the defendant to meet. *See United States v. Swanson*, 210 F.3d 788, 789-90 (7th Cir. 2000). If the defendant makes the required showing, a hearing may only be conducted if the affidavit absent the false statement or omission would be insufficient to establish probable cause. *Souffront*, 338 F.3d at, 822 (7th Cir. 2003).

The law in the *Franks* context is clear – it is the affiant's state of mind that would be at issue if defendant were to file such a motion. The identity of the CI and the exact date and time of the

controlled purchase of cocaine made by the CI would be irrelevant to that analysis.  Defendant has

simply not met his burden to show how the requested information is relevant to his defense and/or

any potential *Franks* motion.  Since defendant has not met his burden, the identity of the CI and the

exact date and time of the controlled purchase remain privileged, and the government requests that

defendant's motion for disclosure of information relating to the confidential informant be denied.


Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


BY:_____/s_____
      MICHAEL F. IASPARRO
      Assistant United States Attorney
      308 West State Street - Suite 300
      Rockford, Illinois 61101
      (815) 987-4444

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Response to Defendant's Motion For Information Relating To
Confidential Informant

was served pursuant to the district court's ECF system on March 10, 2008.


                                                    /s
                              _____
                              MICHAEL F. IASPARRO
                              Assistant United States Attorney
                              308 West State Street - Suite 300
                              Rockford, Illinois 61101
                              (815)987-4444