IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 07 CR 50069 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| BROCK BARRETT | ) | |

___

DEFENDANT'S MOTION TO QUASH SEARCH WARRANT
PURSUANT TO FRANKS v. DELAWARE AND
MEMORANDUM OF LAW

      Now comes the Defendant, BROCK BARRETT by TERENCE F. MACCARTHY of the FEDERAL DEFENDER PROGRAM and its attorney HANEEF OMAR who presents the Defendant's Motion to Quash Search Warrant Pursuant to *Franks v. Delaware*. The defendant moves this honorable court for a hearing to determine the validity of the search warrant obtained in this matter. In support of said motion Mr. Barrett states as follows.

      Brock Barrett resided at 636 16th Avenue Upper Apartment in Rockford, Illinois intermittently at times relevant to the instant offense. The building that is 636 16th St. is comprised of both upper and lower apartments with front, back, and side doors used to enter the various residences. The attached photographs reveal that there may be as many as four residences in the building. The door on the side of the residence faces in an easterly direction and is referred to in the discovery material as the east side door or "east door." The east door leads to both the upper and lower apartments to 636 16th Avenue.

On November 19, 2007 Daniel Freedlund of the Winnebago County Sheriff's Police presented a complaint for search warrant with an attached affidavit in support of search warrant to a Winnebago County Judge. (See attachments). The purpose of the complaint and affidavit was to obtain a search warrant for 636 16th Avenue, Rockford, IL. Freedlund. The information obtained in the affidavit came from concerned citizens who wished to remain anonymous. Freedlund did not have first hand knowledge of suspicious activity of drug sales from the upper apartment.

In that affidavit for search warrant, with reckless disregard for the truth, Freedlund failed to state that the east door leads to both the upper and the lower apartment. Freedlund only stated that he saw the confidential informant enter through the east door. Freedlund did not state that he could not personally see which residence the CI approached once in the building. Specifically, the affidavit in support of search warrant misleading states that the East door "leads to a set of stairs that go directly to the upper apartment." When in truth and fact the East door leads directly to the lower apartment door before one approaches the stairs leading to the upper apartment.

With reckless disregard for the truth, Freedlund omitted from his Affidavit in Support of Search Warrant that the east door of 636 16th Avenue, Rockford, IL led to both a downstairs and upstairs apartment inside of said residence and that while conducting a controlled buy that he failed to see the actual apartment (upper or lower) that the alleged informant went to once s/he entered the building.

Finally, Freedlund with reckless disregard for the truth, omitted from the

Affidavit in Support of Search Warrant the amount of cash used to purchase narcotics in the controlled buy and the amount of substance recovered from the controlled buy.

The following facts are in dispute requiring an evidentiary hearing for resolution:

1. The manner in which the confidential informant was searched prior to entering 636 16th Avenue.

2. Any observations or the lack thereof of heavy foot traffic coming to and from the lower apartment at 636 16th Avenue.

3. Whether or not the confidential informant appeared before the magistrate

4. The degree of detail given to the magistrate

5. Any police corroboration or lack thereof of the confidential informants information.

6. Whether the deputy was aware of the confidential informants name and whether he had a history of untruthfulness or reliability, a criminal record, or a history of mental health issues.

7. Whether the deputy informed the magistrate of the confidential informants name, history of untruthfulness or reliability, criminal record, or history of mental health issues.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH

The search warrant issued in this matter should be quashed because Deputy Freedlund presented materially false information to the issuing judge with reckless disregard for the truth. The Supreme Court held in *Franks v. Delaware* that intentional or recklessly submitting false statements in an affidavit supporting a search warrant violates the Fourth Amendment. At a *Franks* hearing, a defendant must show by preponderance of the evidence that: (1) the search warrant affidavit contained a false material statement or omitted a material fact; (2) the affiant omitted the material fact or made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement is material in order to support the finding of probable cause. *United States v. Lowe*, 516 F.3d 580 (7th Cir. 2008); *United States v. Marrow*, 272 F.3d 817, 821 (7th Cir. 2001). The Seventh Circuit has held that an affiant acts with reckless disregard for the truth when he or she "in fact entertained serious doubts as to the truth of his allegations." *United States v. A Residence Located at 218 Third Street, New Larus, Wisconsin*, 805 F.2d 256, 258 (7th Cir. 1986).

The search warrant should also be quashed if the Winnebago County Sheriff's deputy relayed information to the issuing judge from an informant known to be unreliable. Some of the factors which demonstrate that an informant's information is sufficiently reliable to support the magistrate's issuance of a warrant include: (1) personal observation by the informant; (2) the degree of detail given; (3) independent police corroboration of the informant's information; and (4) the informant's testifying at

the probable cause hearing. *United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996); (citing *United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995)).

In the instant case, the search warrant should be quashed because all factors delineated in *Franks v. Delaware* and *United States v. Reddrick* have been met. Beginning with the *Franks* factors, the affidavit in support of search warrant omitted the material fact that the east door led to both an upper and lower apartment, giving the impression that the confidential informant ("CI") entered the east door and proceeded directly up the stairs to the lone upper apartment. Once the CI entered the residence s/he was out of deputy Freedland's view. The CI could have easily entered the east door and purchased narcotics without ever approaching the upper apartment. The deputy omitted the material fact of what was behind the east door with reckless disregard for the truth. A hearing on the matter would determine with certainty the serious doubts the deputy must have entertained, as he noted that 636 16th Avenue is a multi-resident building. The CI's description of the entrance as leading directly to the upper apartment would raise doubts about the truthfulness of the statement in any reasonable person who knows the building has two residences. Such a false statement is also material in establishing probable cause because the CI could have purchased drugs from the lower apartment, making the search warrant for the upper apartment unjustified. *See United States v. Hinton*, 219 F.2d 324 (7th Cir. 1955)(quashing a search warrant that essentially authorized the search of all the residences in a multi-unit building).

The identity of the CI is essential in establishing whether the magistrate relied on truthful information. Applying the factors delineated in *Reddrick* to information received at an evidentiary hearing would reveal that the CI may or may not have personal observation of sales from an unknown black male from the upper apartment at 636 16th Avenue. The degree of detail given the deputy sheriff is wholly lacking from the affidavit. The CI only states that he purchased cocaine from an "unknown black male" with no mention of any other description of the transaction, the location, the amount of currency used to purchase the narcotics or the amount of drugs received in return.

A hearing is necessary to determine if the police corroborated the CI's statements in any way. From the face of the affidavit the police failed to corroborate that the CI in fact purchased cocaine from the upper apartment not the lower apartment or from any other individual/s who could have been in the stairwell. Possibilities abound as to the informants true actions once behind the east door. Without corroboration or a presentation of the truthfulness of the CI the affidavit presented to the magistrate is not reliable.

Finally, testimony from the CI to the magistrate could have alleviated some of these issues. An evidentiary hearing is necessary to determine the true course of action taken.

Dated at Rockford, Illinois, April 5, 2008.

       Respectfully submitted,

                                  BROCK BARRETT, Defendant,

                                  /s/
                                Haneef Omar
                                Attorney for Defendant

Federal Defender Program
202 W. State St. Suite 600
Rockford, IL 61101
[815] 961-0800
[815] 961-0813 (fax)