UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 07 CR 50069 |
| | ) | Judge Frederick J. Kapala |
| BROCK B. BARRETT | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO QUASH SEARCH WARRANT PURSUANT TO *FRANKS V. DELAWARE***

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, responds to defendant's motion to quash search

warrant pursuant to *Franks v. Delaware* as follows:

**I.    BACKGROUND OF CURRENT CHARGES**

Defendant stands charged in a two count indictment with being a felon in possession of a

firearm which had traveled in interstate commerce, in violation of Title 18, United States Code,

Section 922(g)(1), as well as possession with intent to distribute approximately 20 grams of mixtures

containing cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).

These charges arise out of the execution of a state search warrant by the Winnebago County

Sheriff's Department's Metro Narcotics Unit at defendant's residence on November 20, 2007.  The

state search warrant was supported by an affidavit sworn to by Winnebago County Sheriff's Deputy

Daniel Freedlund, and included information about a "controlled purchase" of cocaine made by a

confidential informant (hereinafter "CI") from defendant's residence, the upper apartment at 636 16th

Avenue in Rockford, Illinois, "within the past three days" of the date the affidavit was sworn out,

November 19, 2007.  During the execution of the search warrant, police recovered several items,

including the following:

1)      A black money box on the kitchen counter, which contained $93.99 U.S. currency,
7 sandwich baggies that each contained four tied-up baggy corners with a rock of
crack cocaine in each (gross weight 7.8 grams), 1 other bag with a chunk of crack
cocaine (gross weight 12.5 grams), and 23 baggy corners which each contained 3
Xanax pills (69 total).  The total gross weight of the crack cocaine was 20.3 grams.

2)      A digital scale on the kitchen counter next to the black money box.

3)      A black money box in the attic behind a bar with several unused glass pipes with
wire filter and several plastic baggies.

4)      One walkie talkie radio behind the bar in the attic.

5)      One RCA television monitor attached to a surveillance system monitoring the front
of the residence, found in the attic.

6)      Two rocks of crack cocaine in a jewelry box in the northeast bedroom, gross weight
.6 grams.

7)      Documents addressed to Brock Barrett at 636 16th Avenue, including a lease
agreement in his and Marci Barrett's name.

8)      A Canon digital video camera in the northeast bedroom.

9)      A Glock, Model 26, 9mm handgun, serial number EVK059US, with nine rounds in
the magazine and one in the chamber, recovered in the northeast bedroom from on
top of a bookcase shelf.  The gun was covered with clothing.

Defendant has filed a motion seeking to quash the search warrant pursuant to *Franks v.*

*Delaware*, 438 U.S. 154 (1978).  The Supreme Court held in *Franks v. Delaware* that intentionally

or recklessly submitting false statements in an affidavit supporting a search warrant violates the

Fourth Amendment.  *Id.*; *United States v. Hoffman*, 07-1874 (7th Cir., decided March 17, 2008).

## II.    TIMELINESS OF MOTION

On April 2, 2008, defendant appeared for a status hearing before United States Magistrate Judge P. Michael Mahoney.  At that time, Magistrate Mahoney ordered defendant's case transferred to Judge Kapala's calendar, and ordered defendant to file any additional pretrial motions by the end of the day.  *See* Minute Order Dated April 2, 2008.  Defendant's motion to quash search warrant pursuant to *Franks v. Delaware* was not filed until April 5, 2008.  It is the government's position that this motion was untimely filed, and should be stricken.

## III.    *FRANKS* HEARING

An affidavit in support of a search warrant is presumed valid.  *United States v. Amerson*, 185 F.3d 676 (7th Cir. 1999).  A defendant may only obtain a *Franks* hearing if he makes a substantial preliminary showing that the affiant has intentionally or recklessly made a false statement in a search warrant affidavit, and that false statement is material to the finding of probable cause.  *Franks v. Delaware*, 438 U.S. 154, 98 (1978); *Hoffman* Slip Opinion at p. 6; *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003).  A *Franks* hearing may also be allowed if an officer omits material facts from the affidavit.  *United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004).  A factual omission is material only if it amounts to a deliberate falsehood or a reckless disregard for the truth.  *United States v. McNeese*, 901 F. 2d 585, 594 (7th Cir. 1990).  An omission is not material if the information is of such minimal significance that it could not reasonably affect the judge's determination of probable cause.  *Id*.

In the *Franks* context, the defendant has the burden of showing direct or circumstantial evidence that the affiant had obvious reasons for omitting facts to prove deliberate falsehood or reckless disregard.  *Id.*  The *Franks* inquiry "must focus on the state of mind of the warrant affiant,

that is the police officer who sought the search warrant." *United States v. Jones*, 208 F.3d 603, 607

(7th Cir. 2000). "[T]he fact that a third party lied to the affiant, who in turn included the lies in a

warrant affidavit, does not constitute a *Franks* violation.   A *Franks* violation occurs only if the

affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth."

*Id.* (quoting *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994)).  This is a difficult

burden for the defendant to meet. *See United States v. Swanson*, 210 F.3d 788, 789-90 (7th Cir.

2000).  If the defendant makes the required showing, a hearing may only be conducted if the affidavit

absent the false statement or omission would be insufficient to establish probable cause. *Souffront*,

338 F.3d at, 822 (7th Cir. 2003).

First, according to defendant, Deputy Freedlund omitted a material fact that the east door to

the apartment building located at 636 16th Avenue led to both an upper and lower apartment, "giving

the impression that the confidential informant entered the east door and proceeded directly up the

stairs to the lone upper apartment."  According to defendant, Deputy Freedlund, "with reckless

disregard for the truth, ... failed to state that the east door leads to both the upper and lower

apartment." Defendant attached a copy of Deputy Freedlund's affidavit in support of search warrant,

as well as a copy of the search warrant, to his motion.  According to Deputy Freedlund's affidavit,

within three days prior to the date the search warrant was issued (November 19, 2007), he and

Deputy Heavin met with a confidential informant ("CI") and "were able to make a controlled

purchase of cocaine from the residence located at 636 Sixteenth Avenue, Upper Apartment,

Rockford, Illinois."  Prior to the controlled purchase, Deputy Freedlund met with the CI, searched

the CI and found the CI to be free of narcotics and/or United States Currency, and "instructed the CI

to use the funds to purchase cocaine from the residence at 636 Sixteenth Avenue, Upper Apartment,

Rockford, Illinois." Deputies Freedlund and Heavin then drove the CI to the area of 636 Sixteenth

Avenue and "observed the CI walk directly to the east door of 636 Sixteenth Avenue, Upper

Apartment, Rockford, Illinois." The affidavit then reads as follows:

> The CI then knocked on the east door and entered the residence. The CI remained
> inside the residence for approximately two minutes before exiting the residence
> through the same door the CI originally entered. The CI then got into our official
> undercover department vehicle. The CI handed me one off-white, rock-like
> substance. The CI advised the off-white, rock-like substance was crack cocaine the
> CI purchased from an unknown black male while inside the residence at 636
> Sixteenth Avenue, Upper Apartment, Rockford, Illinois with the funds I provided to
> the CI. The CI stated the East door at 636 Sixteenth Avenue leads to a set of stairs
> that go directly to the upper apartment.

Defendant suggests that Deputy Freedlund, with reckless disregard for the truth, omitted the

fact that the east door of 636 16th Avenue provides access to both an upper and lower apartment.

First, defendant has not established why such an omission is material. Second, defendant has not

established, in any respect, that Deputy Freedlund acted with reckless disregard for the truth. And

third, defendant has not established, even assuming such an omission was material and made with

reckless disregard for the truth, that the affidavit was insufficient to establish probable cause.

First, the affidavit is clear that the CI was instructed to go directly to the upper apartment at

636 16th Avenue, and that the CI reported to Deputy Freedlund that he/she did so and purchased one

off-white, rock-like substance which was crack cocaine. Nothing in the affidavit suggests that the

CI did not follow Deputy Freedlund's instructions to go directly to the upper apartment, or that the

CI purchased the crack cocaine from anywhere other than the upper apartment. The fact that there

may have been a lower apartment that was accessible from the east door is immaterial, as the CI was

instructed to go directly to the upper apartment, and according to the affidavit the CI followed those

instructions. The fact that the east door may also have led to a lower apartment is of minimal

significance when the affidavit makes clear that the CI was instructed to go the upper apartment, that the CI went to the upper apartment and purchased crack cocaine, and then reported as much to Deputy Freedlund.

Second, defendant has failed to show how Deputy Freedlund acted in reckless disregard for the truth. The fact that there was a lower apartment that was accessible from the east door was not hidden from the issuing judge. The affidavit, in two spots, discusses the east door leading to the upper apartment, but nowhere in the affidavit is it suggested that the east door leads to the upper apartment to the exclusion of any other apartment. In paragraph 5 of the affidavit, Deputy Freedlund stated, "The CI stated the East door at 636 Sixteenth Avenue leads to a set of stairs that go directly to the upper apartment." In paragraph 6, in describing the premises, Deputy Freedlund referred to the "east side door that leads to the upper apartment." Both statements are accurate, which defendant does not seem to dispute. The east door at 636 16th Avenue does lead to a set of stairs that lead *directly* to the upper apartment. Those stairs obviously do not lead to the lower apartment, so the statement that they lead directly to the upper apartment is accurate. And it follows, then, that the east side door leads to the upper apartment. Those statements are entirely accurate and not misleading. There was no reckless disregard for the truth on Deputy Freedlund's part.

Third, even assuming defendant was able to establish the materiality of any omission and a reckless disregard for the truth by Deputy Freedlund, he still would not be entitled to a hearing, as he has failed to set forth how the omission affects the probable cause finding. As already mentioned, Deputy Freedlund's affidavit is very clear that the CI was instructed to go to the upper apartment to purchase cocaine, and that the CI did exactly that. That information coupled with the information in paragraph 4 of the affidavit about activity consistent with drug trafficking taking place at that

apartment was enough to establish probable cause. Having failed to make the necessary showing, defendant is not entitled to a *Franks* hearing, and this court should deny the motion.

## IV.    DEFENDANT'S CONTENTION THAT THE CI WAS UNRELIABLE

Defendant next contends that the search warrant should be quashed because the deputy relayed information to the issuing judge from an informant known to be unreliable. Citing *United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996), defendant points to four factors courts should consider in making this determination: 1) personal observation by the informant; 2) the degree of detail given; 3) independent police corroboration of the informant's information; and 4) the informant's testifying at the probable cause hearing. *Id.* This is different from the *Franks* attack discussed above in that it is an attack on the sufficiency of the search warrant itself, and does not rely on the affiant's state of mind as in the *Franks* context. Rather, defendant seems to flatly challenge the finding of probable cause by the issuing judge on the basis that the informant was not shown to be reliable.

In arguing that the CI's information was unreliable, defendant makes no mention of paragraph 4 of Deputy Freedlund's affidavit, which corroborates the CI's information and the controlled purchase of cocaine from the upper apartment at 636 16th Avenue. Paragraph 4 reads as follows:

> Since the beginning of November 2007, members of the Winnebago County Sheriff's Police Metro Narcotic Unit have been receiving information from concerned citizens who wish to remain anonymous for fear of retaliation that 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois, is a drug house. These concerned citizens said that unknown person(s) arrive on foot and in vehicles and go to 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois. The unknown person(s) will enter the residence, remain inside the residence for a few minutes and then leave. These concerned citizens stated that the traffic in and out of 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois, is very steady through out

the day and night.  In my police training and experience, this is indicative of drug sales.

This information, from concerned citizens (plural), corroborates the CI's information and the controlled purchase of crack cocaine made by the CI, which is detailed in paragraph 5 of Deputy Freedlund's affidavit.  Of the four factors cited by defendant, relying on the *Reddrick* case, three seem to weigh in favor of the informant's reliability, contrary to what defendant suggests.  First, with respect to personal observation by the informant, Deputy Freedlund's affidavit makes clear that the CI personally went to the upper apartment at 636 16ᵗʰ Avenue and purchased crack cocaine from an unknown black male.  Second, with respect to the degree of detail given, paragraph 5 of the affidavit details exactly what the CI was instructed to do, what the CI did, and what the CI observed and then reported to Deputy Freedlund.  Third, with respect to independent police corroboration, this court need look no further than paragraph 4 of the affidavit, recited above, for information from other concerned citizens which independently corroborates the CI. *See United States v. Hoffman*. 07-1874, Slip Opinion at pp. 6-7 (7th Cir. March 17, 2008) ("It is clear that this was not an instance of an officer taking a first-time informant at her word.") The only *Reddrick* factor that is arguably in defendant's favor is the fact that the CI did not testify at a probable cause hearing.  Other than that, all of the factors weigh heavily in favor of the CI's reliability.  *See Reddrick*, 90 F.3d at 1281 (holding that the officer's testimony, which tended to establish that the defendant was a drug dealer, combined with the informant's information, was enough to support issuance of the warrant).  Thus, defendant's motion to quash the search warrant based upon the unreliability of the CI's information should be denied without a hearing.

**V.    CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this court summarily deny defendant's motion to quash the search warrant, without an evidentiary hearing.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:_____/s_____
MICHAEL F. IASPARRO
Assistant United States Attorney
308 West State Street - Suite 300
Rockford, Illinois 61101
(815) 987-4444

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Response To Defendant's Motion To Quash Search Warrant
Pursuant To *Franks v. Delaware*

was served pursuant to the district court's ECF system on April 9, 2008.


/s

MICHAEL F. IASPARRO
Assistant United States Attorney
308 West State Street - Suite 300
Rockford, Illinois 61101
(815)987-4444
