IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 07 CR 50069 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| BROCK BARRETT | ) | |

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO QUASH SEARCH WARRANT

A defendant may obtain a Franks hearing if he makes a substantial preliminary showing that the affiant has intentionally or recklessly made a false statement in a search warrant affidavit, and that false statement is material to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). The Defendant's Motion to Quash Search Warrant properly established a substantial preliminary showing that Officer Freedlund, with reckless disregard for the truth, failed to include that the east door of the Defendant's residence led to a lower and upper apartment and that omission reasonably could have led the judge to a finding of probable cause.

The Defendant's motion was timely filed. Although the judge's order does state that the Defendant is to file additional pretrial motion by the end of the day, the defendant reserved the right through and including April 11, 2008 to file any additional pre-trial motions. In light of the apparent confusion, the Defendant requests this court apply the rule of lenity in this case as 18 U.S.C. §3161(h)(1)(f) is ambiguous as to the inclusion or preclusion of filing additional pretrial motions.

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 07 CR 50069 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| BROCK BARRETT | ) | |

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO QUASH SEARCH WARRANT

A defendant may obtain a Franks hearing if he makes a substantial preliminary showing that the affiant has intentionally or recklessly made a false statement in a search warrant affidavit, and that false statement is material to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). The Defendant's Motion to Quash Search Warrant properly established a substantial preliminary showing that Officer Freedlund, with reckless disregard for the truth, failed to include that the east door of the Defendant's residence led to a lower and upper apartment and that omission reasonably could have led the judge to a finding of probable cause.

The Defendant's motion was timely filed. Although the judge's order does state that the Defendant is to file additional pretrial motion by the end of the day, the defendant reserved the right through and including April 11, 2008 to file any additional pre-trial motions. In light of the apparent confusion, the Defendant requests this court apply the rule of lenity in this case as 18 U.S.C. §3161(h)(1)(f) is ambiguous as to the inclusion or preclusion of filing additional pretrial motions.

    I.       The Defendant's Motion to Quash Search Warrant should be granted because officer Freedlund recklessly failed to include the door the CI entered also led to a lower apartment.

The government's response suggests that the Defendant has not established why Officer Freedlund's omission that the east led to both a lower and upper apartment is material. The Defendant relayed how such an omission could have influenced the judge to make a finding of probable cause when the motion stated. "The CI could have easily entered the east door and purchased narcotics without ever approaching the upper apartment." Additionally, the Defendant argued that Officer Freedlund was conscious of the omission as he already indicated that the residence had an upper and a lower apartment.

The Defendant's motion established the materiality of the issue by showing how alleging a stairway leads to an upper apartment suggests that a buy could only have occurred from the upper apartment when in truth and fact a buy could have occurred from the lower apartment. The Defendant also established that the Officer made this omission with reckless disregard for the truth as he recognized that the building had an upper and lower apartment and did not inform the magistrate that the east door also led to the lower apartment. The government's argument that reference to the upper apartment suggests the existence of a lower apartment is misplaced as the presence of entrance to a lower apartment in the same space as the entrance to the upper apartment is not apparent in the officer's affidavit.

The Defendant's Motion to Quash Search Warrant should be granted based on

I. The Defendant's Motion to Quash Search Warrant should be granted because officer Freedlund recklessly failed to include the door the CI entered also led to a lower apartment.

The government's response suggests that the Defendant has not established why Officer Freedlund's omission that the east led to both a lower and upper apartment is material. The Defendant relayed how such an omission could have influenced the judge to make a finding of probable cause when the motion stated. "The CI could have easily entered the east door and purchased narcotics without ever approaching the upper apartment." Additionally, the Defendant argued that Officer Freedlund was conscious of the omission as he already indicated that the residence had an upper and a lower apartment.

The Defendant's motion established the materiality of the issue by showing how alleging a stairway leads to an upper apartment suggests that a buy could only have occurred from the upper apartment when in truth and fact a buy could have occurred from the lower apartment. The Defendant also established that the Officer made this omission with reckless disregard for the truth as he recognized that the building had an upper and lower apartment and did not inform the magistrate that the east door also led to the lower apartment. The government's argument that reference to the upper apartment suggests the existence of a lower apartment is misplaced as the presence of entrance to a lower apartment in the same space as the entrance to the upper apartment is not apparent in the officer's affidavit.

The Defendant's Motion to Quash Search Warrant should be granted based on

Officer Freedlund's reckless omissions. If this Court finds there is insufficient evidence in the record to determine the materiality of the issue or the whether officer acted with reckless disregard for the truth, the Defendant respectfully requests and evidentiary hearing.

    II.    This Court should consider the Defendant's motion timely filed as the Defendant believed the judge's order did not preclude the filing of additional pretrial motions through April 11, 2008.

Here, two motions have been presented before this court. The first motion was a discovery motion relating to the disclosure of the name of the confidential informant, as well as the date and time of the controlled buy. The discovery motion was filed in March of 2008. The second motion before this Court is the instant motion to quash search warrant.

At the April 2, 2008 status hearing before the magistrate, it was the Defendant's impression that the motion to quash was to be filed by the end of the day, however, the Defendant reserved the right to file the motion to quash as well as any additional motion through April 11, 2008. It was the Defendant's understanding that based on counsel's reservation of rights to file pretrial motions that the district court granted the government's motion to exclude time under the speedy trial act in 18 U.S.C. §3161(h)(1)(f). A further reading of the act and the judge's order does not clarify whether the defense was precluded from filing additional pretrial motions.

The Defense respectfully requests that this Court consider the motion to quash as

3

Officer Freedlund's reckless omissions. If this Court finds there is insufficient evidence in the record to determine the materiality of the issue or the whether officer acted with reckless disregard for the truth, the Defendant respectfully requests and evidentiary hearing.

> II. This Court should consider the Defendant's motion timely filed as the Defendant believed the judge's order did not preclude the filing of additional pretrial motions through April 11, 2008.

Here, two motions have been presented before this court. The first motion was a discovery motion relating to the disclosure of the name of the confidential informant, as well as the date and time of the controlled buy. The discovery motion was filed in March of 2008. The second motion before this Court is the instant motion to quash search warrant.

At the April 2, 2008 status hearing before the magistrate, it was the Defendant's impression that the motion to quash was to be filed by the end of the day, however, the Defendant reserved the right to file the motion to quash as well as any additional motion through April 11, 2008. It was the Defendant's understanding that based on counsel's reservation of rights to file pretrial motions that the district court granted the government's motion to exclude time under the speedy trial act in 18 U.S.C. §3161(h)(1)(f). A further reading of the act and the judge's order does not clarify whether the defense was precluded from filing additional pretrial motions.

The Defense respectfully requests that this Court consider the motion to quash as

timely filed for the aforementioned reasons and in the alternative considers the motion pursuant to the rule of lenity. The rule of lenity is a principle of statutory construction that, in rare cases, requires an ambiguous criminal statute to be construed in favor of the defendant. The rule is not applicable unless there is "grievous ambiguity or uncertainty" in the language of a statute even after a court has seized everything from which aid can be derived. *United States v. McClain,* 23 Fed.Appx. 544, 547-48 (7th Cir. 2001).

Dated this 16th day of April, 2008 in Rockford, Illinois.

> Respectfully submitted;
> FEDERAL DEFENDER PROGRAM
> Terence F. MacCarthy
> Executive Director
>
> By: ___/s/_____
>      Haneef Omar
>      Attorneys for Defendant

FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800

Case 3:07-cr-50069    Document 18    Filed 04/16/2008    Page 8 of 8

timely filed for the aforementioned reasons and in the alternative considers the motion pursuant to the rule of lenity. The rule of lenity is a principle of statutory construction that, in rare cases, requires an ambiguous criminal statute to be construed in favor of the defendant. The rule is not applicable unless there is "grievous ambiguity or uncertainty" in the language of a statute even after a court has seized everything from which aid can be derived. *United States v. McClain,* 23 Fed.Appx. 544, 547-48 (7th Cir. 2001).

Dated this 16th day of April, 2008 in Rockford, Illinois.

                                      Respectfully submitted;
                                      FEDERAL DEFENDER PROGRAM
                                      Terence F. MacCarthy
                                      Executive Director

                                      By: ___/s/_____
                                          Haneef Omar
                                          Attorneys for Defendant

FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800

4