# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 50069 | **DATE** | 4/23/2008 |
| **CASE TITLE** | United States vs. Brock B. Barrett | | |

**DOCKET ENTRY TEXT:**

Defendant's motion for discovery [11] is denied. Defendant's motion to quash search warrant [15] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), following the execution of a search at his residence. Deputy Daniel Freedlund's affidavit supported the search warrant and provided, in pertinent part, as follows:

Since the beginning of November 2007, members of the Winnebago County Sheriff's Police Metro Narcotic [U]nit have been receiving information from concerned citizens who wish to remain anonymous for fear of retaliation that 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois, is a drug house. These concerned citizens said that unknown person(s) arrive on foot and in vehicles and go to 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois. The unknown person(s) will enter the residence, remain inside the residence for a few minutes and then leave. Those concerned citizens stated that the traffic in and out of 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois, is very steady throughout the day and night. In my police training and experience, this is indicative of drug sales.

That within the past three days, Deputy Heavin and I were able to make a controlled purchase of cocaine from the residence located at 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois, utilizing a confidential informant (hereafter referred to as the CI). This was done by meeting the CI at a predetermined location, at which time I searched the CI and found the CI to be free of narcotics and/or United States Currency. I provided the CI with United States Currency from the Official Advance Funds of the Winnebago County Sheriff's Police Metro Narcotic Unit and instructed the CI to use the funds to purchase cocaine from the residence at 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois. Deputy Heavin and I drove the CI to the area of 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois in an official undercover department vehicle. The CI then exited the vehicle, and with a clear and unobstructed view, we observed the CI walk directly to the east door of 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois. The CI then knocked on the east door and entered the residence. The CI remained inside the residence for approximately two minutes before exiting the residence through the same door the

CI originally entered. The CI then got into our official undercover department vehicle. The CI handed me one off-white, rock-like substance. The CI advised the off-white, rock-like substance was crack cocaine the CI purchased from an unknown black male while inside the residence at 636 Sixteenth Avenue, Upper Apartment, Rockford, Illinois with the funds I provided the CI. The CI stated the East door at 636 Sixteenth Avenue leads to a set of stairs that go directly to the upper apartment. We drove the CI to a predetermined location and again searched the CI for drugs/narcotics and US Currency, with negative results. I maintained custody of the suspected cocaine until I arrived at the Metro Narcotics Office where I performed a field test on a portion of the off-white, rock-like substance which resulted with a positive reaction indicating the probable presence of cocaine on the portion tested.

Before the court are defendant's motion for production of the identity of the confidential informant (CI) referred to in the affidavit and his motion to quash the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

### A. Production of the Confidential Informant

Defendant seeks an order requiring the government to disclose the identity of the CI referred to in the affidavit in support of the search warrant, the identities of any confidential informant who may be called to testify at trial, and the specific date and time of the controlled buy described in the affidavit. In support of his motion, defendant maintains that the disclosure of the above information is necessary to the proper preparation of his motion to quash the search warrant and to suppress the evidence obtained during the execution of the search warrant. The Government opposes defendant's motion arguing that defendant has not met his burden of overcoming the government's privilege to withhold the identity of the confidential informant from him. The court agrees.

> The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. As the Supreme Court has recognized, citizens have an obligation to communicate their knowledge of the commission of crimes to law enforcement officials. By preserving anonymity, this privilege encourages citizens to perform that obligation. In determining whether to disclose a confidential informant's identity, a court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense. Therefore, in order to overcome the limited privilege, a defendant must establish that the disclosure of the informant's identity is either relevant and helpful to his defense or essential to a fair determination of a cause.

United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001)(citations and quotation marks omitted). The government is granted this limited privilege as a right, and need not make any threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. Dole v. Local 1942, IBEW, AFL-CIO, 870 F.2d 368, 372 (7th Cir. 1989); United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). In determining if disclosure is appropriate, the court must balance the defendant's request against the government's interest, considering "the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62 (1957). The court should also consider whether the informant was a "transactional witness" to the crime, or if the informant was just a "tipster." United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993). "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." Valles, 41 F.3d at 358.

In his motion, defendant asserts that he requires disclosure of the identity of the CI and the specific date and time of the controlled buy in order to obtain an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S.

**STATEMENT**

154 (1978). Defendant has failed, however, to explain how disclosure of the confidential informant's identity will be helpful in that effort.

The substantial showing necessary to obtain a Franks hearing must focus on the state of mind of the affiant. United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000). "The defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he in fact entertained serious doubts as to the truth of his allegations or had obvious reasons to doubt the veracity of the allegations." Id. (quotation marks omitted). Thus, in this case, the Franks hearing would focus on the credibility of Deputy Freelund, not the CI. In fact, the CI's credibility is not relevant unless the CI provided Freelund with false information and Freelund knew the information was false. See id. ("The fact that a third party lied to affiant, who in turn included the lies in a warrant affidavit, does not constitute a Franks violation. A Franks violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth."). Defendant has made no showing that Freelund had reason to believe that the CI was not telling the truth when he said he bought cocaine from someone in the upper apartment at 636 Sixteenth Avenue.

Moreover, the government has indicated that it will not call the CI or any confidential informant at trial and the CI is not a transactional witness to the crimes charged in the indictment. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." Valles, 41 F.3d at 358 (quotation marks omitted). Thus, defendant has failed to develop the necessary criteria for disclosure of the CI's identity and his motion for discovery is denied.

B. Motion to Quash Search Warrant

Although styled "motion to quash search warrant pursuant to Franks v. Delaware," defendant's motion to quash the search warrant appears to be two-fold. First, defendant moves for a Franks hearing contending that there was material falsehood in the affidavit in support of the search warrant. Second, defendant argues that the search warrant should be quashed because the CI's reliability was not demonstrated to the Judge issuing the search warrant. The government opposes the motion contending that defendant has not made the substantial preliminary showing required to obtain a Franks hearing and that the affidavit in support of the search warrant sufficiently demonstrated the CI's reliability.

The Seventh Circuit recently reiterated the standard for obtaining a Franks hearing:

> The Supreme Court held in Franks v. Delaware that intentionally or recklessly submitting false statements in an affidavit supporting a search warrant violates the Fourth Amendment. In order to obtain such a hearing, a defendant must make a substantial preliminary showing that a "false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). A defendant may also challenge an affidavit by demonstrating that the affiant intentionally or recklessly omitted material information.

United States v. Hoffman, ___ F.3d ___, 2008 WL 696484, at *3 (7th Cir. March 17, 2008). Affidavits submitted in support of a warrant are presumed valid. Jones, 208 F.3d at 607. The defendant must present evidence of all necessary elements, rather than conclusions or suppositions. See Franks, 438 U.S. at 170-72.

Defendant contends that Freelund presented materially false information to the issuing judge with reckless disregard for the truth when he failed to state that the east door to 636 Sixteenth Avenue leads to both an upper and a lower apartment. Defendant maintains that the affidavit misleadingly states that the east door "leads to a set of stairs that go directly to the upper apartment" when in fact the east door leads to the lower apartment door and stairs leading to the upper apartment.

Assuming that the east door does indeed lead to both the door to the lower apartment and a stairway to

**STATEMENT**

the upper apartment, there is no indication that Freelund knew that to be the case and intentionally or recklessly omitted that fact. Additionally, even if Freelund did know that the east door lead to both apartments, that knowledge would not have made him doubt the CI's statement that the east door leads to a set of stairs that go directly to the upper apartment. This is because the CI's statement that the east door leads to a set of stairs that go directly to the upper apartment does not indicate that the east door leads exclusively to that set of stairs. In other words, defendant has not shown that the affidavit includes a falsehood or a material omission, let alone Freelund's intentional or reckless inclusion of a falsehood or material omission.

Furthermore, even if the court were to assume, arguendo, that the affidavit contained an intentional or reckless false statement or material omission about where the east door leads, the remainder of the affidavit established sufficient probable cause that drugs were being sold out of the upper apartment at 636 Sixteenth Avenue. In the affidavit presented to the issuing Judge, Freelund stated that members of his unit had been receiving information from concerned citizens indicating that drugs were being sold from the upper apartment at 636 Sixteenth Avenue. Freelund also stated that he instructed the CI to purchase cocaine from the upper apartment and that the CI told him that he indeed purchased crack cocaine from an unknown black male while inside the upper apartment. These statements exclude the possibility that the CI purchased the crack cocaine from someone occupying the lower apartment or from someone in a common area beyond the east door, and support the issuing Judge's conclusion that there was a fair probability that drugs or evidence of drug dealing would be found in the upper apartment at 636 Sixteenth Avenue.

Based on the foregoing, the court concludes that defendant has failed to make a "substantial preliminary showing" that the search warrant affidavit contained material misrepresentations that were necessary to the finding of probable cause. Thus, defendant's request for a Franks hearing is denied.

Defendant also argues that the search warrant should be quashed because Freelund's affidavit included information from an unreliable confidential informant. Defendant argues that the factors delineated in United States v. Reddrick, 90 F.3d 1276 (7th Cir. 1996) show that Freelund presented information to the issuing judge from an informant that was unreliable. The government argues that application of the Reddrick factors shows that the CI was sufficiently reliable.

An affidavit has made a proper showing of probable cause when it sets forth facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. United States v. Lowe, 516 F.2d 580, 585 (7th Cir. 2008).

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983). Ultimately, the reviewing court must give the magistrate's determination of probable cause considerable weight and resolve doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000). Some of the factors which suggest that an informant's information is sufficiently reliable to support the issuance of a warrant include: "(1) firsthand observation by the informant; (2) degree of detail provided; (3) corroboration of the informant's information by an officer's independent investigation and (4) the fact that the informant testified at the probable cause hearing." Reddrick, 90 F.3d at 1280.

The CI's statement to Freelund that he bought crack cocaine inside the upper apartment was based on the CI's personal involvement in and observation of that transaction. The degree of detail was also sufficient because the CI not only described the seller as a unknown black male inside the upper apartment at 636 Sixteenth Avenue, but also produced the actual crack cocaine that he purchased in the upper apartment. Freelund corroborated nearly all aspects of the CI's account except, as defendant points out, that he went to the upper apartment to

**STATEMENT**

purchase the crack cocaine and not the lower apartment or some common area beyond the east door to 636 Sixteenth Avenue. While the CI did not provide his own affidavit in support of the warrant, and Freelund's affidavit is silent as to the CI's reliability, given the totality of the circumstances, there was sufficient corroboration of the CI's account for the issuing judge to conclude that there was a fair probability that the CI bought the crack cocaine from the upper apartment at 636 Sixteenth Avenue. See United States v. Koerth, 312 F.3d 862, 867-68 (7th Cir. 2002) ("Statements from an informant of unknown reliability may in certain instances serve to establish probable cause if, under the totality of the circumstances, a reasonable person might consider the statements worthy of credence.").

In Reddrick, the officer seeking the warrant had no firsthand corroboration of the tip provided by the informant that he had seen 13 kilos of cocaine inside the house. Reddrick, 90 F.3d at 1279. In this case, the issuing Judge did not rely solely on information provided by an unnamed informant but, rather, the judge's determination of probable cause was based on information provided by citizens that was corroborated by a law enforcement officer's account of a controlled purchase of crack cocaine by the CI. Members of Freelund's unit had a number of tips from concerned citizens that drugs were being sold from the upper apartment at 636 Sixteenth Avenue and they dispatched the CI to confirm that information. The CI was instructed to go to the upper apartment and buy crack cocaine with the official advance funds provided to him. The CI was observed going into the east door at 636 Sixteenth Avenue and after two minutes emerging from the same door. When he returned, the CI had crack cocaine in his possession and no official advance funds. The CI gave the crack cocaine to Freelund and told him that he bought the crack from an unknown black male while inside the upper apartment. Defendant points out that Freelund was not able to corroborate the fact that the CI indeed went to the upper apartment or rule out the possibility that the CI obtained the crack from the lower apartment or some common area. Nevertheless, based on the evidence presented in Freelund's affidavit, including the tips from the citizenry and the likelihood that the CI did as he was instructed, the issuing judge was entitled to draw the reasonable inference that the CI purchased the crack cocaine from someone in the upper apartment, and not elsewhere in 636 Sixteenth Avenue. See Reddrick, 90 F.3d at 1281. Thus, the court holds that there was adequate probable cause for issuance of the search warrant and defendant's motion to quash the search warrant is denied.