UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED
MAY 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 50069 |
| vs. ) | Judge Frederick J. Kapala |
| ) | |
| BROCK B. BARRETT ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant BROCK B. BARRETT, and his attorney, HANEEF OMAR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), and possession with intent to distribute mixtures containing cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the indictment. Count One charges defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). Count Two charges defendant with possessing with intent to distribute approximately 20 grams of mixtures containing cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

    a. With respect to Count One of the indictment, defendant admits that on November 20, 2007, he lived at the upper apartment at 636 16th Avenue in Rockford, Illinois. At the time the Metro Narcotics Unit executed a search warrant at his apartment at approximately 3:32 p.m. that day, defendant possessed and had control over a firearm, specifically a Glock, model 26, 9mm handgun, serial number EVK059US. Defendant had this handgun in the northeast bedroom of the apartment, in close proximity to two rocks of crack cocaine. The handgun was manufactured in Austria, and traveled in foreign and interstate commerce prior to defendant's possession of it on November 20, 2007.

2

b. With respect to Count Two of the indictment, defendant admits that he was using his apartment at 636 16th Avenue in Rockford, Illinois to sell drugs including crack cocaine. At the time the Metro Narcotics Unit executed a search warrant at his apartment on November 20, 2007, defendant possessed approximately 9.5 grams of crack cocaine, which he had packaged into individual quantities for sale. Defendant admits that the crack cocaine contained cocaine base, and was manufactured by processing cocaine hydrochloride (powder cocaine) with sodium bicarbonate (baking soda).

### Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 10 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than three years.

b. Count Two carries a maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count Two also carries a maximum fine of $2,000,000. Defendant further understands that with respect to Count Two, the judge also may impose a term of supervised release of [at least four years and] not more than five years.

c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 50 years' imprisonment, and the minimum sentence is 5 years' imprisonment.

3

In addition, defendant is subject to a total maximum fine of $2,250,000, a period of supervised release, and special assessments totaling $200.

### Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. Pursuant to Guideline § 3D1.2(a), Counts One and Two are grouped together because both counts embody conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to the other count. As outlined below, the higher offense level is for Count Two.

        ii. The base offense level for the charge in Count One of the indictment is 20, pursuant to Guideline § 2K2.1(a)(4)(A), because defendant committed the offense subsequent to sustaining one felony conviction of a crime of violence, specifically a conviction for aggravated fleeing a police officer, as more fully set forth in paragraph 9(c)(xiii) below.

iii. The base offense level for the charge in Count One of the indictment must be increased 4 levels to level 24, pursuant to Guideline § 2K2.1(b)6), because defendant possessed the firearm in connection with another felony offense, specifically possession with intent to distribute mixtures containing cocaine base in the form of crack cocaine, as charged in Count Two of the indictment.

iv. The base offense level for the charge in Count Two of the indictment is level 24, pursuant to Guideline § 2D1.1(c)(8), because defendant possessed with intent to distribute at least 5 grams but less than 20 grams of mixtures containing cocaine base.

v. The base offense level for the charge in Count Two of the indictment must be increased 2 levels to level 26, pursuant to Guideline § 2D1.1(b)(1), because defendant possessed a firearm.

vi. Pursuant to Guideline § 3D1.3(a), the offense level applicable to Counts One and Two is 26, because that is the higher offense level of the counts in the Group.

vii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

viii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid

preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 37 and defendant's criminal history category is VI.

    i.    On or about October 30, 1991, defendant was convicted of the felony offense of unlawful possession of a stolen motor vehicle in case number 91 CF 1515 in the Circuit Court of Kane County, Illinois and sentenced to 24 months of probation and 1 day in the Kane County Jail. On March 19, 1992, defendant's probation was revoked, and defendant was resentenced to 4 years and 6 months in the Illinois Department of Corrections, to run concurrently with the sentences in Kane County case numbers 91 CF 1859 and 91 CF 1887, outlined in paragraphs 9(c)(iii) and 9(c)(iv) below. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a), 4A1.2(a)(2), and 4A1.2(e).

    ii.    On or about January 17, 1992, defendant was convicted of misdemeanor retail theft in case number 91 CF 5830 in the Circuit Court of Kane County, Illinois and sentenced to 10 months of conditional discharge and 120 days in the Kane County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

    iii.    On or about March 19, 1992, defendant was convicted of the felony offense of unlawful possession of a stolen motor vehicle in case number 91 CF 1859 in the Circuit

6

Court of Kane County, Illinois and sentenced to 4 years and 6 months in the Illinois Department of Corrections, to run concurrently with the sentences in Kane County case numbers 91 CF 1515 and 91 CF 1887, outlined in paragraph 9(c)(i) above and 9(c)(iv) below. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a), 4A1.2(a)(2), and 4A1.2(e).

          iv.      On or about March 19, 1992, defendant was convicted of the felony offense of burglary to a motor vehicle in case number 91 CF 1887 in the Circuit Court of Kane County, Illinois and sentenced to 4 years and 6 months in the Illinois Department of Corrections, to run concurrently with the sentences in case numbers 91 CF 1515 and 91 CF 1859, outlined in paragraphs 9(c)(i) and 9(c)(iii) above. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a), 4A1.2(a)(2), and 4A1.2(e).

          v.      On or about January 19, 1994, defendant was convicted of the felony offense of retail theft in case number 93 CF 1805 in the Circuit Court of Kane County, Illinois and sentenced to 2 years in the Illinois Department of Corrections, to run consecutively to the sentence in Kane County case number 93 CF 2018, outlined in paragraph 9(c)(vi) below. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a) and 4A1.2(a)(2).

          vi.      On or about January 19, 1994, defendant was convicted of the felony offense of unlawful possession of less than 30 grams of cocaine in case number 93 CF 2018 in the Circuit Court of Kane County, Illinois and sentenced to 1 year in the Illinois Department of Corrections, to run consecutively to the sentence in Kane County case number 93 CF 1805, outlined

in paragraph 9(c)(v) above. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(b) and 4A1.2(a)(2).

vii. On or about March 16, 1995, defendant was convicted of the misdemeanor offense of driving on a suspended license in case number Y721831 in the Circuit Court of Cook County, Illinois and sentenced to the Cook County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

viii. On or about October 11, 1995, defendant was sentenced to one year of court supervision for the misdemeanor offense of driving on a suspended license in case number Y4853141 in the Circuit Court of Cook County, Illinois. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(c).

ix. On or about January 8, 1996, defendant was convicted of the misdemeanor offense of obstructing service of process in the Circuit Court of Kane County, Illinois and sentenced to 8 days in the Kane County Jail and fines and costs. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

x. On or about September 5, 1997, defendant was convicted of two felony counts of burglary to a vehicle in case number 97 CF 92 in the Circuit Court of Kane County, Illinois and sentenced to 5 years and 2 months in the Illinois Department of Corrections, which was ordered to run concurrently with the sentence in Kane County case number 97 CF 615, outlined in paragraph 9(c)(xi) below. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a) and 4A1.2(a)(2).

xi. On or about September 5, 1997, defendant was convicted of the felony offense of theft in case number 97 CF 615 in the Circuit Court of Kane County, Illinois and

sentenced to 5 years in the Illinois Department of Corrections, which was ordered to run concurrently with the sentence in Kane County case number 97 CF 92, outlined in paragraph 9(c)(x) above. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a) and 4A1.2(a)(2).

        xii.    On or about October 6, 2000, defendant was convicted of the felony offense of theft in case number 00 CF 1831 in the Circuit Court of Kane County, Illinois. On June 12, 2003, defendant was sentenced to 24 months of probation for this offense, as well as 180 days in the Kane County Jail, $327 fines and costs, and $173 restitution. On October 19, 2005, defendant's probation was revoked, and he was resentenced to 2 years in the Illinois Department of Corrections, which was ordered to run concurrently with the sentence imposed in Winnebago County case number 05 CF 432, outlined in paragraph 9(c)(xxi) below. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline §§ 4A1.1(a) and 4A1.2(a)(2).

        xiii.    On or about February 11, 2002, defendant was convicted of the felony offense of aggravated fleeing from a police officer in case number 01 CF 713 in the Circuit Court of McHenry County, Illinois and sentenced to 364 days in the McHenry County Jail and $1,085 fines and costs. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

        xiv.    On or about November 21, 2002, defendant was convicted of the misdemeanor offense of attempt obstructing justice in case number 02 CM 766 in the Circuit Court of Boone County, Illinois and sentenced to 1 year of probation, 12 days in the Boone County Jail, and $725 fines and costs. On May 2, 2003, defendant's probation was revoked and he was resentenced to 1 year of conditional discharge and 30 days in the Boone County Jail, which was

ordered to run concurrently with the sentence in Boone County case number 03 CM 258, outlined in paragraph 9(c)(xv) below. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline §§ 4A1.1(c), 4A1.2(a)(2), and 4A1.2(c)(1).

          xv.    On or about May 2, 2003, defendant was convicted of the misdemeanor offense of resisting a peace officer in case number 03 CM 258 in the Circuit Court of Boone County, Illinois and sentenced to 1 year of conditional discharge, 30 days in the Boone County Jail, and $460 fines and costs, which was ordered to run concurrently with the sentence in Boone County case number 02 CM 766, outlined in paragraph 9(c)(xiv) above. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline §§ 4A1.1(c), 4A1.2(a)(2), and 4A1.2(c)(1).

          xvi.    On or about July 15, 2003, defendant was convicted of the misdemeanor offense of battery in case number 03 CM 4669 in the Circuit Court of Winnebago County, Illinois and sentenced to 38 days in the Winnebago County Jail. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline § 4A1.1(a).

          xvii.    On or about December 3, 2004, defendant was convicted of the misdemeanor offense of attempt obstructing justice in case number 04 CM 106 in the Circuit Court of Boone County, Illinois and sentenced to 1 year of probation, 30 days in the Boone County Jail, and $1,067 fines and costs, which was ordered to run concurrently with the sentences in Boone County case numbers 04 CF 76 and 04 TR 1396, outlined in paragraphs 9(c)(xviii) and 9(c)(xix) below. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline §§ 4A1.1(c) and 4A1.2(c)(1).

    xviii. On or about December 3, 2004, defendant was convicted of the misdemeanor offense of possession of less than 30 grams of cannabis in case number 04 CF 76 in the Circuit Court of Boone County, Illinois and sentenced to 1 year of probation, 30 days in the Boone County Jail, and $1,067 fines and costs, which was ordered to run concurrently with the sentences in Boone County case numbers 04 CM 106 and 04 TR 1396, outlined in paragraphs 9(c)(xvii) above and 9(c)(xix) below. Defendant receives no additional criminal history points for this sentence, because he has already amassed four criminal history points pursuant to Guideline § 4A1.1(c).

    xix. On or about December 3, 2004, defendant was convicted of driving on a revoked license in case number 04 TR 1396 in the Circuit Court of Boone County, Illinois and sentenced to 1 year of probation, 30 days in the Boone County Jail, and $1,067 fines and costs, which was ordered to run concurrently with the sentences in Boone County case numbers 04 CM 106 and 04 CF 76, outlined in paragraphs 9(c)(xvii) and 9(c)(xviii) above. Defendant receives no additional criminal history points for this sentence, because he has already amassed four criminal history points pursuant to Guideline § 4A1.1(c).

    xx. On or about November 5, 2004, defendant was convicted of the felony offense of possession of less than 15 grams of cocaine in case number 04 CF 3338 in the Circuit Court of Winnebago County, Illinois and sentenced to 24 months of probation, 180 days in the Winnebago County Jail, and $1,205 fines and costs. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

    xxi. On or about July 14, 2005, defendant was convicted of the felony offense of possession of less than 15 grams of cocaine in case number 05 CF 432 in the Circuit Court

of Winnebago County, Illinois. On October 18, 2005, defendant was sentenced to 5 years in the Illinois Department of Corrections. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline § 4A1.1(a).

    xxii. Defendant must receive 2 criminal history points pursuant to Guideline § 4A1.1(d), because he committed the instant offenses while under a criminal justice sentence, specifically while on parole for the sentence in Winnebago County case number 05 CF 432, outlined in paragraph 9(c)(xxi) above.

    xxiii. Defendant must receive 1 criminal history point pursuant to Guideline § 4A1.1(e), because he committed the instant offenses less than two years after his release from imprisonment for the sentence imposed in Winnebago County case number 05 CF 432, outlined in paragraph 9(c)(xxi) above. Defendant was released from the Illinois Department of Corrections on that sentence on May 10, 2007.

   d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 23, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines range of 92-115 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

   e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions

apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

   f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

  10. The government is free to recommend whatever sentence it deems appropriate, including asking the court to impose a sentence above the applicable Guidelines range. The defendant reserves the right to ask the court to impose a sentence below the applicable Guidelines range.

*[handwritten margin: NAL 5/9/2008; "ask the court to" inserted; initials]*

  11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13. The government agrees not to file an information against defendant pursuant to Title 21, United States Code, Section 851 seeking enhancement of defendant's sentence on the basis of a prior conviction for a felony drug offense.

### Forfeiture

14. The indictment charges that defendant has subjected personal property to forfeiture, namely one Glock, Model 26, 9mm handgun, serial number EVK059US, because that property was involved in defendant's commission of the offense charged in Count One of the indictment, and is thus subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Section 2461(c). By entry of a guilty plea to Count One of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture, and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third party files a claim. Defendant is aware that third parties may have claims to the property subject to forfeiture, but defendant's interest in the property exists because defendant possessed the firearm on November 20, 2007.

16.     Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

17.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

19.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other

tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

20.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 50069.

21.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

      i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.      If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

      iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.      **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

23. By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Other Terms

24. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

### Conclusion

26. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement,

or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28.  Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30.  Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: May 9, 2008

PATRICK J. FITZGERALD  
United States Attorney

MICHAEL F. IASPARRO  
Assistant U.S. Attorney  
308 W. State Street - Suite 300  
Rockford, Illinois 61101  
815-987-4444

BROCK B. BARRETT  
Defendant

HANEEF OMAR  
Attorney for Defendant  
202 W. State Street - Suite 600  
Rockford, Illinois 61101  
815-961-0800