UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 07 CR 50069 |
| | ) | Judge Frederick J. Kapala |
| BROCK B. BARRETT | ) | |

**UNITED STATES' RECOMMENDATION OF SENTENCE ABOVE**
**ADVISORY SENTENCING GUIDELINES RANGE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, recommends that this court sentence defendant to a term of imprisonment above the advisory sentencing guidelines range. Paragraph 10 of the plea agreement entered into by the parties reads, "The government is free to recommend whatever sentence it deems appropriate, including asking the court to impose a sentence above the applicable Guidelines range." Accordingly, for the following reasons, the government now makes such a recommendation.

"The Supreme Court's decision in *Booker* requires the sentencing judge first to compute the guidelines sentence just as he would have done before *Booker,* and then – because *Booker* demoted the guidelines from mandatory to advisory status – to decide whether the guidelines sentence is the correct sentence to give the particular defendant.*"  United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).

*Booker* sentencing discretion is exercised in accordance with the sentencing factors specified in 18 U.S.C. § 3553(a). As the Seventh Circuit stated in *United States v. Wallace*:

> Two things are critical now: first, whether the district court's choice of sentence is adequately reasoned in light of the §3553(a) factors ...; and second, whether the sentence can ultimately be deemed a reasonable one.... At each point,

1

>the focus is on what the district court did, not on what it might have done. Thus, the procedural inquiry focuses on the actual reasons given, not on whether the sentence could have been supported by a different rationale; the substantive inquiry looks at the sentence imposed, not at all the other hypothetical sentences that might have been chosen.

458 F.3d 606, 609 (7th Cir. 2006). The sentencing judge must give meaningful consideration to the sentencing factors enumerated in §3553(a), including the advisory sentencing guidelines, and arrive at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States v. Wachowiak*, 496 F.3d 744, 748-49 (7th Cir. 2007); *Wallace*, 458 F.3d at 609-12.

The Seventh Circuit has held that sentences outside the applicable guidelines range–whether above or below it–may be upheld as reasonable as long as the district court's § 3553(a) explanation is sufficiently compelling to justify the variance. *Wachowiak*, 496 F.3d at 749 (citing *Dean,* 414 F.3d at 729). At a minimum, this explanation should articulate the statutory factors the judge believes warrant a sentence above or below the guidelines range. If the justification is consistent with § 3553(a) and reasonably corresponds to factors unique to the defendant, and the sentence chosen is within the broad range of objectively reasonable sentences in the circumstances, the sentence will be affirmed. *Wachowiak*, 496 F.3d at 749.*; See Wallace,* 458 F.3d at 611; *Dean,* 414 F.3d at 729; *United States v. Repking*, 467 F.3d 1091, 1096 (7th Cir. 2006).

Title 18, United States Code, Section 3553(a) lists factors district courts must consider in imposing sentence. Specifically, in determining the particular sentence to be imposed, district courts shall consider:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –
- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    [the applicable sentencing guidelines range.]

18 U.S.C. § 3553(a).

The nature and circumstances of the offenses of conviction support a sentence of imprisonment above the applicable guidelines range. Defendant was on parole at the time of the offenses due to a conviction in Kane County, Illinois for felony theft, and in Winnebago County, Illinois for possession of cocaine. PSR at lines 347-348 and 526-527. In addition to selling crack cocaine out of the upper apartment at 636 16th Avenue in Rockford, and to possessing a loaded firearm at that location, the evidence demonstrates that defendant was operating a prostitution ring out of the apartment. During the execution of the search warrant on November 20, 2007, members of the Winnebago County Sheriff's Police Metro Narcotics Unit discovered a hidden entrance in a closet leading to a set of stairs in the attic. In the attic were three bedrooms with only a bed inside each room and women's lingerie lying on the floor next to each bed. Outside the three bedrooms was a waiting area with a table and bar. At the bar was a refrigerator with an alcohol price list on it. There were also three timers behind the bar, as well as a stack of spoons for sale (spoons are commonly used to heat up and liquify controlled substances prior to use). What the officers found corroborated information provided by a confidential source, which was that a prostitution ring was being operated out of the attic of this apartment.

The history and characteristics of the defendant also support a sentence above the guideline range. Defendant, who is 36 years old, has been involved in criminal activity since he was seventeen. PSR at lines 164-165. He has twelve prior felony convictions – the instant offenses of conviction are his thirteenth and fourteenth felony convictions. According to the PSR, he has had multiple probation and parole violations, and has been sentenced to the Illinois Department of Corrections for ten of his twelve prior felony convictions (though some of those sentences ran concurrently with each other). His criminal history points as calculated under the United States Sentencing Guidelines are off the chart – according to the PSR, defendant has accumulated 45 criminal history points, more than three times the amount necessary to fall into the highest criminal history category of VI. His 30-plus prior adult criminal convictions between November 1989 and October 2005 run the gamut of criminal offenses – from violent (battery and aggravated fleeing), to drug-related (possession of controlled substances), to theft-related (burglary, theft, possession of stolen motor vehicles), to obstruction of the criminal justice process (obstruction of justice and resisting peace officers), to traffic-related offenses. Simply put, defendant has been in constant trouble with the law over the past two decades. And, despite twelve prior felony convictions, defendant neither qualifies as a "Career Offender" under the United States Sentencing Guidelines nor an "Armed Career Criminal" under the Armed Career Criminal Act. *See* USSG § 4B1.1; 18 U.S.C. § 924(e). He can fairly be characterized, however, as a lifelong criminal.

A lengthy sentence of imprisonment is also appropriate as both a specific and a general deterrent. Multiple and repeated sentences of imprisonment have neither deterred nor rehabilitated him. As outlined above, defendant has violated the conditions of his probation and parole on multiple occasions. He has never gone more than a few months after being released without

committing another criminal offense. Defendant should be deterred, and society protected and deterred, by a lengthy sentence of imprisonment here.

It is the government's position that a sentence of imprisonment within the guidelines range of 92-115 months would deprecate the seriousness of the offense, not provide adequate deterrence to defendant or others, and does not adequately take into account this defendant's history and characteristics. Therefore, the government recommends a sentence of imprisonment significantly above the applicable guidelines range.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____/s_____
MICHAEL F. IASPARRO
Assistant United States Attorney
308 West State Street - Suite 300
Rockford, Illinois 61101
(815) 987-4444

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Recommendation of Sentence Above Advisory Sentencing Guidelines Range

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail and/or hand-delivered on August 4, 2008, to the following non-ECF filers:

>Jennifer L. Taborski
>United States Probation Officer
>211 S. Court Street
>Rockford, Illinois 61101

/s
MICHAEL F. IASPARRO
Assistant United States Attorney
308 West State Street - Suite 300
Rockford, Illinois 61101
(815)987-4444