UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 07 CR 50069 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| BROCK BARRETT | ) | |

**DEFENDANT BARRETT'S MEMORANDUM ON SENTENCING**

Defendant Brock Barrett, by Terrence F. MacCarthy of the Federal Defender Program and its attorney Haneef Omar presents the Defendant's Memorandum on Sentencing. Mr. Barrett also responds to the government's request for an upward variance from the guidelines. Mr. Barrett agrees with the advisory guideline calculation as presented in the pre-sentence investigation report ("PSI") of 92-115 months. After reviewing the §3553(a) factors a sentence of 92 months is sufficient but not greater than necessary to satisfy the aims of sentencing.

The Supreme Court in its recent opinion of *Gall v. United States*, 128 S. Ct. 586 (2007), laid out the sequence of steps a district court is to follow when imposing a sentence under the advisory guidelines. The starting point is arriving at the appropriate guideline including possible departures. *Id.* at 596. Nevertheless, the guidelines are advisory and the sentencing court may not mechanically assume that the guideline range frames the boundaries of a reasonable sentence. *Id.* at 596-97.

The next step is considering the arguments of the parties as to the proper sentence in the particular case, weighing the applicability of the §3553(a) factors. *Id.* The court should take a case by case approach, considering every convicted person as an

individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Id.* at 598. The court must then delineate its reasons for the record. *Id.* The court's reasons for deviation from the guideline range should be rooted either in the nature and circumstances of the offense or the characteristics of the offender, and should be sufficient but not greater than necessary to comply with the general aims of §3553(a).

Because the court's reasoning in imposing a sufficient sentence must begin with the calculation of the applicable guidelines, our analysis begins there. Mr. Barrett does not object to the ultimate base offense level calculation as presented in the PSI. The sentencing commission has taken into consideration an appropriate sentence for defendants with more than thirteen criminal history points, therefore, a sentence above the guideline range is not appropriate. The guideline range is particularly fitting in this case in that it reflects the generic nature of the offense.

The nature and circumstances of the offense reveal this to be a generic drug and gun case. The government in its request suggests that Mr. Barrett was running a prostitution business from the attic of his home. The evidence, however, is not so conclusive. There were three bedrooms built into the attic. Mr. Barrett in fact received permission from his landlord to build an apartment in the attic as rentable space. Mr. Barrett's wife kept belongings including lingerie in the main level apartment as well as the attic apartment. The government suggests that outside of the bedrooms was a waiting area. Gov. at 3. Clearly the attic contains an upstairs apartment of some sort where there is an open common space. The space can be no more referred to as a

"waiting area" as it can be referred to as a landing or hallway. Considering this is an attic apartment, a refrigerator, multiple rooms, and lingerie is nothing out of the ordinary. The presence of spoons supports the argument that drugs were being used in the attic no that prostitution was taking place.

 The nature and circumstances of the offense reveal that this is an ordinary drug and gun offense. Mr. Barrett has pleaded guilty to possession with intent to distribute cocaine and possession of a firearm with no aggravating factors. He provided the authorities with all the information needed to prosecute him in this case and has been honest and candid with the Court. A sentence within the guideline range is sufficient but not greater than necessary considering the nature of the offense.

 Mr. Barrett's history and characteristics reveal an honest man with a troubled past but hope for the future. Mr. Barrett's family life was peaceful as a child when he lived with his mother, sister, and younger brother. The problems only began when he moved to Elgin when his mother married James Spates. Mr. Barrett's mother sensing difficulty with her new husband sent Mr. Barrett to live with his brother Steve Thomas in California. His brother was a marine and was very hard on Mr. Barrett. The marine would fight with Mr. Barrett to toughen him up and then force him to clean up his own blood. One night, after a burglary in the neighborhood, Mr. Barrett took out his brother's firearm for protection. When his brother returned to find Mr. Barrett had moved his gun, he beat him severely. Mr. Barrett returned to Illinois.

 Having difficulty at home with his step-father and trouble at school in Elgin, Mr. Barrett went to live in Virginia with his grandmother. She was not entirely happy with

3

the arrangement and locked Mr. Barrett out of the house. As Mr. Barrett tried to gain entry into the house he was detained by the police. Needless to say, he was not welcomed back to his grandmother's house.

Mr. Barrett spent time in group homes in Virginia where he was influenced to experiment with narcotics. At this time Mr. Barrett began to feel the loneliness of being abandoned by his family. The other troubled kids he met in group homes became the support network he could lean on. However, the group homes were rife with the bad influences of drugs and violence. Mr. Barrett again returned to Illinois.

Mr. Barrett was sexually abused by his step father's sister who lived in their basement. He told his mother about the abuse who then questioned Mr. Spates. Mr. Barrett's mother and step-father began to argue and when Mr. Barrett intervened his step-father broke his wrist.

Mr. Barrett's confrontations carried over into high school as well, as he tried to protect his siblings. Mr. Barrett was expelled from school for fighting on behalf of his half-brother Geronimo.

Escaping the pressures and abuse of his mother's home Mr. Barrett went to the streets living wherever he could. The disruption he experienced inevitably led to the criminal acts which pepper his life history. Although Mr. Barrett has over forty criminal history points and twelve felony convictions, the fact that he has not committed the requisite convictions to qualify as a career offender or armed career criminal is a reflection of Mr. Barrett's non-violent character. Mr. Barrett's criminal history reflects that Mr. Barrett should not be subjected to a harsher sentence when he has not

committed violent felonies or serious drug offenses.

A sentence above the applicable guidelines is greater than necessary to promote respect for the law, provide for treatment and provide for adequate deterrence. Mr. Barrett has exhibited restraint in committing violent offenses, therefore, a lengthy term of incarceration will not provide significant deterrence. Mr. Barrett needs psychological and drug abuse counseling. A sentence at the low end of the guideline range is sufficient time to allow for him to get to the treatment he needs. Considering that this is a generic offense, a low end sentence also promotes respect for the law.

Mr. Barrett has led a difficult life riddled with abuse and neglect. A term of incarceration will help Mr. Barrett receive the necessary treatment he needs to rehabilitate and be a productive member of society. Mr. Barrett has expressed interest in being a heating and air conditioning technician as well as becoming a taxi driver. Mr. Barrett has a vision for himself that he feels the prison system can help him achieve. A sentence at the low end of the guideline is sufficient but not greater than necessary to accomplish the aims of §3553(a).

Dated at Rockford, IL this 19th day of August 2008;

                                            Respectfully submitted;
                                            Terence F. MacCarthy for
                                            Brock Barrett

                                            __/s_____
                                            By Haneef Omar
                                            Attorney for Defendant

Federal Defender Program
202 W. State St. 600
Rockford, IL 61101
(815) 961-0800.