AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| Northern | District of | Illinois |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| | Case Number: 07 CR 50069-1 |
| | USM Number: 30192-424 |
| Brock B. Barrett | |
| | Haneef Omar |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1 & 2

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 922(g)(1) | Felon in possession of a firearm | 11/20/2007 | 1 |
| 21 USC § 841(a)(1) | Possess with intent to distribute cocaine | 11/20/2007 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED
SEP 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08/28/2008
Date of Imposition of Judgment

_Signature of Judge_

Frederick J. Kapala, United States District Judge
Name and Title of Judge

9-9-08
Date

Judgment — Page 2 of 6

DEFENDANT: Brock B. Barrett
CASE NUMBER: 07 CR 50069-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

100 Months on Counts 1 & 2 to run concurrently

X   The court makes the following recommendations to the Bureau of Prisons:
- Defendant should be in a comprehensive drug program.
- Defendant should be designated to the medical facility in Rochester, Minnesota.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐ a _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Brock B. Barrett
CASE NUMBER: 07 CR 50069-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 Years

(3 Years on Count 1 and 5 Years on Count 2 to run concurrently)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

X The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a special assessment, fine, or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Brock B. Barrett
CASE NUMBER: 07 CR 50069-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his/her person, premises, office, vehicle, or other property to a search with or without reasonable suspicion or probable cause to be conducted by the United States Probation Office or any sworn federal, state, or local law enforcement officer at the direction or with the authorization of the United States Probation Office in a reasonable manner and for the purpose of investigating any violation of any conditions of release. Failure to submit to such a search will be grounds for revocation of his/her supervised release. The defendant shall promptly notify any other resident that his/her premises is subject to a search pursuant to this condition.

2. The defendant shall participate in any substance abuse counseling program at the direction of the probation department.

3. The defendant shall not drive without a valid license.

4. If the special assessment and fine are not paid in full during the term of incarceration, then, during the term of supervised release, the defendant shall pay to the clerk of court ten percent of the defendant's gross earnings minus federal and state income tax withholding to satisfy these obligations.

Judgment — Page 5 of 6

DEFENDANT: Brock B. Barrett
CASE NUMBER: 07 CR 50069-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine     | Restitution |
|--------|------------|----------|-------------|
| TOTALS | $ 200.00   | $ 500.00 | $ -----     |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
| TOTALS        | $ 0         | $ 0                 |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

 ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Brock B. Barrett
CASE NUMBER: 07 CR 50069-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    Payments to be made through the inmate financial responsibility program

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

SEP 0 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 50069 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| BROCK B. BARRETT | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On December 18, 2007, an indictment was returned charging BROCK B. BARRETT with having possessed a firearm after having been previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1), among other violations.

(b) The indictment sought forfeiture to the United States of specific property, namely, one Glock, Model 26, 9mm handgun, serial number EVK059US, pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(c) On May 9, 2008, pursuant to Fed. R. Crim. P. 11, defendant BROCK B. BARRETT entered a voluntary plea of guilty to Count One of the indictment, charging him with possessing a firearm after having been previously convicted of a felony, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

(d) In the plea agreement entered between the defendant and the United States, defendant BROCK B. BARRETT agreed that the above described firearm is subject to forfeiture and further

1

agreed to relinquish any right, title or ownership interest that he has in this property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(e) Accordingly, the United States requests that this Court enter a preliminary order of forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest defendant BROCK B. BARRETT has in the foregoing firearm, for disposition according to law, including destruction.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest defendant BROCK B. BARRETT may have in one Glock, Model 26, 9mm handgun, serial number EVK059US is hereby forfeited to the United States for disposition according to law. It is further ordered,

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and take custody of the foregoing firearm for disposition according to law, including destruction. It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the foregoing firearm according to law. The government may also, pursuant to statute and to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware at this time of anyone who qualifies for such notice. It is further ordered,

4.That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if, following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person, other than the defendant, asserts a legal interest in the property that has been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

5.That, following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the foregoing firearm, which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America. It is further ordered,

6.That, the terms and conditions of this preliminary order of forfeiture entered by this Court shall be made part of the sentence imposed against defendant BROCK B. BARRETT and included in any judgment and commitment order entered in this case against him. It is further ordered,

7.That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

Dated: 8-28-08

FREDERICK J. KAPALA
United States District Court Judge

3